# COURT OF GENERAL SESSIONS — COUNTY OF NEW YORK.

## September, 1916.

## THE PEOPLE v. MOE STRUDLER.

### (96 App. Div. 650.)

ARREST—FOR VIOLATION OF ONE OF THE PROVISIONS OF THE SANITARY CODE—DISORDERLY CONDUCT—EVIDENCE—APPEAL—WHEN JUDGMENT OF CONVICTION REVERSED.

A health officer lawfully having in his custody and under arrest a brother of defendant upon a charge of violating one of the provisions of the Sanitary Code, defendant in order to release his brother took hold of the officer's hand and attempted to strike him. On appeal from a judgment convicting him of disorderly conduct tending to a breach of the peace, the record was barren of any legal evidence tending to show that defendant refused to allow the health officer to freely and fully inspect any food product under his control, and the proof showed that the food products examined by the health officer belonged to a corporation in the business of which neither defendant nor his brother had any interest. *Held*, that in the absence of proof to the effect that defendant's brother was guilty of a violation of any of the provisions of the Sanitary Code, or that he had illegally resisted the enforcements of any of the orders of the Department of Health, no duty was imposed on the health officer and he had no right to arrest him, and, therefore, defendant's act in taking hold of the officer in order to prevent the illegal arrest of his brother did not amount to disorderly conduct tending to a breach of the peace, and the judgment of conviction will be reversed and a new trial ordered.

APPEAL from a judgment of a City Magistrate's Court.

*Leon Sanders,* for appellant.

*Frederick J. Sullivan, Deputy Assistant District Attorney,* for People.

Rosalsky, J.:

The defendant appeals from a judgment of the City Magistrates' Court convicting him of disorderly conduct tending to a breach of the peace.    He was sentenced to the workhouse for the period of ten days.

The facts set forth in the information as constituting the offense were, in substance, that on the 29th day of July, 1916, Henry W. Lemkuhl, chief of the division of food inspection of the department of health, lawfully had in his custody and under arrest one Samuel Strudler, a brother of the defendant, upon a charge of violating one of the provisions of the sanitary code, and that the defendant Moe Strudler, in order to release his brother from the custody of this officer, took hold of him by the hand and attempted to strike him.

The question to be decided on this appeal is whether the acts committed by the defendant warranted the magistrate in adjudging him guilty of disorderly conduct tending to a breach of the peace.

There is no doubt as to the power of an inspector or officer of the department of health to arrest any person who shall, in view of such officer, violate any of the provisions of the sanitary code, and also to arrest any person who shall in the presence of such officer resist, or be engaged in resisting, the enforcement of any of the orders of the department of health.    (Laws of 1913, chap. 687; Greater N. Y. Charter, § 1264.)

Upon the facts as presented by the record it was incumbent upon the People to establish:    (1) That the defendant's brother Samuel was lawfully arrested by the health officer, and that he was in his custody charged with a violation of one of the provisions of the sanitary code;  (2) that the defendant unlawfully interfered with the health officer in the performance of his duty.

The People claim that the section of the sanitary code which the defendant's brother Samuel is alleged to have violated, and which justified the health officer in arresting him, is as follows:

" Dealers in food and all other substances used or intended to be used for human consumption and their agents and all persons engaged in the transportation thereof shall allow any duly authorized representative of the Department of Health to freely and fully inspect    *    *    *."

The record is barren of any legal evidence tending to show that the defendant refused to allow the health officer to freely and fully inspect any food products under his control.   On the contrary, the proof showed that the food products the health officer examined belonged to the Puritan Canned Egg Company, in which business neither the defendant nor his brother Sam had any interest.

In the absence, therefore, of proof to the effect that Sam Strudler was guilty of a violation of any of the provisions of the sanitary code, or that he had illegally resisted the enforcement of any of the orders of the department of health, no duty was imposed upon the health officer and he had no right to arrest him.

Counsel for the defendant sought to prove that the arrest of Samuel Strudler was in violation of law, but the magistrate sustained the district attorney's objection to this line of proof and stated that he was only interested to learn whether the defendant committed a disorderly act.   In this ruling the magistrate committed error.   The arrest of the defendant's brother by the health officer was unauthorized, and, therefore, the defendant's act in taking hold of the officer by the hand in order to prevent the illegal arrest of his brother did not amount to disorderly conduct tending to a breach of the peace.   (People v. Hochstem, 76 App. Div. 25.)

Judgment of conviction reversed and new trial ordered in this court.

Judgment reversed and new trial ordered.